DODSON *v.* ABERCROMBIE.

4-9725                                   247 S. W. 2d 207

Opinion delivered March 24, 1952.

*Kenneth C. Coffelt* and *P. E. Dobbs,* for appellant.

*McDaniel & Crow,* for appellee.

ROBINSON, J. The appellant, Minnie Dodson, filed this suit in Chancery Court to quiet title to the following described property:

Part of the SE¼ SW¼, section 9, township 2 south, range 15 west, described as follows, to-wit: Beginning at a point on the south line of section nine (9), that is 829 feet west of the S¼ corner of said section 9; thence west 508 feet to the southwest corner of said SE¼ of SW¼; thence north 630 feet to the center of main channel of Saline River; thence up center of main channel north 60° east 800 feet; thence continuing up center of main channel north 84° east 290 feet; thence south 6° west 214 feet to a point 6 feet west of Moore Spring; thence along east bank of slough with bearing straight through south 26° 45′ west 966.4 to point of beginning.

Appellant contends that she owns the property by virtue of having acquired it by quitclaim deed from Haskell Dickinson. Appellant says Dickinson acquired

the property from Salco Sand & Gravel Company in 1918 and lost the deed thereto through a robbery. The alleged deed was never recorded. The Chancellor held the evidence was not sufficient to establish the alleged lost deed, nor to show Dickinson ever acquired the property by adverse possession. We agree with the chancellor.

The undisputed evidence is that Dickinson did acquire some land from the Salco Sand & Gravel Company. A deed is on record showing such conveyance, but it is not a deed to the property in controversy here. An effort was made to show by Dickinson that he got two deeds from the Sand and Gravel Company; however, the evidence in this respect is not sufficient to overcome the burden the law places on the proponent of an alleged lost deed to prove such deed by evidence which is clear, cogent and convincing. *Wren* v. *Green,* 207 Ark. 162, 179 S. W. 2d 461.

In the case at bar, Dickinson never did testify unequivocally that he ever received a deed to the property here involved, or that he ever lost such a deed. Dickinson knew nothing whatever about the legal description of the property in controversy, and did not go to the land and identify it as having been owned by him at any time, nor was a plat presented to him whereby he could identify the property he acquired from the Salco Company. Just what property Dickinson had reference to in his testimony as having been acquired by him from the Salco Company is highly speculative.

Appellant herein acquired the quitclaim deed from Dickinson for the consideration of $100 at a time when appellant's husband was claiming title to the property in a suit then pending in court, and Dickinson was not a party to that suit. Appellant attempted to prove by other witnesses that property acquired by Dickinson from the Salco Company is the same land appellant claims to own by reason of the quitclaim deed from Dickinson, but none of the testimony on that point is sufficient to so identify the property.

The decree is affirmed.